# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE C. SMITH, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 2:17-cv-02457-KGG |
| R.F. FISHER ELECTRIC COMPANY, LLC, | |
| Defendant. | |

## ORDER REGARDING JOINT AND AMENDED MOTION FOR PRELIMINARY APPROVAL OF AMENDED COLLECTIVE ACTION SETTLEMENT

The Court, having considered the Parties' Joint and Amended Motion for Preliminary Approval of Amended Collective Action Settlement [ECF 46], hereby grants the motion for the reasons explained below.

**Factual and Procedural Background**

1. On June 25, 2018, the parties' submitted their second Joint Motion for approval of a collective action settlement. The first Joint Motion was filed with the Court on February 9, 2018. [ECF 18].

2. On June 4, 2018, the District Judge Crabtree entered an Order denying the first Joint Motion. [ECF 43]. While Judge Crabtree believe that the settlement was "fair and reasonable," he concluded that he did not have enough information to determine whether the $1,000 service payment to Plaintiff (referred to in the Agreement as an "Enhancement Payment") was also fair and reasonable. As a result, the Court did not approve the settlement.

3. Following receipt of the June 4 Order, the parties entered an Amended Collective Action Settlement Agreement and Release (the "Amended Agreement"). The Amended Agreement removes any reference to an Enhancement Payment and does not provide Plaintiff with a service

payment.

4. On June 25, 2018, the parties submitted their second Joint Motion seeking preliminary approval of the Amended Agreement.

5. The Amended Agreement seeks to settle the Fair Labor Standards Act ("FLSA") claims alleged in the Complaint as to Plaintiff and purportedly similarly-situated individuals who, under the terms of the agreement, will be given the opportunity to consent to join the settlement consistent with Section 16(b) of the FLSA. The Amended Agreement does not seek to settle Plaintiff's Kansas Wage Payment Act ("KWPA") claims, or the class action allegations based on those KWPA claims, which arise out of the same allegations and would give rise to the same damages as the FLSA claims. No KWPA class action has been certified, however, and the Amended Agreement ultimately calls for dismissal, with prejudice, of what remains of this lawsuit. Plaintiff's individual FLSA retaliation claim was dismissed on May 30, 2018. [ECF 42].

6. The factual background leading up to the settlement is described in Judge Crabtree's Order [ECF 43], and incorporated here.

**Legal Standard**

7. The parties to an FLSA action must present a settlement of those claims to the court for review and the court must determine whether the settlement is fair and reasonable. *Koehler v. Freightquote.com, Inc.,* No. 12-2505-DDC-GLR, 2016 U.S. Dist. LEXIS 91745, *6-8 (D. Kan. July 13, 2016). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.*, 2016 U.S. Dist. LEXIS 91745, at *6-8 (*citing Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)).

**Analysis**

8. <u>Final Collective Action Certification is Appropriate.</u>  As an additional prerequisite to approval of a collective action settlement under the FLSA, the parties must establish that final certification of the collective action is appropriate. *Grove v. Zw Tech, Inc.,* No. 11-2445-KHV, 2012 U.S. Dist. LEXIS 68701, *11 (D. Kan. May 17, 2012); *Gambrell v. Weber Carpet, Inc.,* No. 10-2131-KHV, 2012 U.S. Dist. LEXIS 154586, *10-13 (D. Kan. Oct. 29, 2012); *Koehler*, 2016 U.S. Dist. LEXIS 48597, at *50-52. On June 4, 2018, Judge Crabtree concluded that final collective action certification was appropriate in this matter.  [ECF 43], at p.13.  Having reviewed the pleadings and the Amended Agreement, I concur and enter a finding that final collective action certification is appropriate.

9. <u>A Bona Fide Dispute Exists Under the FLSA</u>.  On June 4, 2018, Judge Crabtree concluded that the assertions by the parties suffice to establish a bona fide dispute.  [ECF 43], at p.8.  Having reviewed the pleadings and the Amended Agreement, I concur and enter a finding that a bona fide dispute exists under the FLSA.

10. <u>The Proposed Settlement is Fair, Reasonable, and Adequate</u>.  In determining whether a proposed settlement under the FLSA is fair and equitable, the factors which courts consider in approving a class action settlements under Fed. R. Civ. P. 23(e) are "instructive," as well as factors relevant to the history and policy of the FLSA. *Gambrell,* 2012 U.S. Dist. LEXIS 154586, at *13. On June 4, 2018, Judge Crabtree concluded that "the Rule 23(e) factors suggest that the proposed settlement is fair and equitable."  [ECF 43], at p.11.  Having reviewed the pleadings and the Amended Agreement, I concur.  Additionally, the Amended Agreement distributes the $1,000 service payment, which had originally been assigned to Plaintiff, to class members to compensate them for their damages.  The consequent increased payouts to individual class members comports

with the policy of the FLSA, which is to protect employees against unfair wages. The Amended Agreement, like the original Agreement, is "a product of 'deliberate consideration of the action's merits and uncertainties.'" [ECF 43], at p.9. There remains a "dispute over the number of uncompensated hours at issue," which "places the case's outcome in doubt." [ECF 43], at p.10. The Amended Agreement "provides meaningful, immediate recovery to all class members that might otherwise be unrecoverable after a decision on the merits." [ECF 43], at p.10. As such, the "value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation." [ECF 43], at p.10. Finally, the parties all agree that the settlement is fair and reasonable, as demonstrated by the declarations submitted by counsel. [ECF 43], at p.10. These factors all weigh in favor of a finding that the proposed settlement is fair, reasonable, and adequate, and I therefore find that it is.

11. <u>The Requested Attorneys' Fees and Costs are Reasonable.</u> On June 4, 2018, Judge Crabtree approved counsel's request for no fee and cost award. [ECF 43], at p.11. Having reviewed the pleadings and the Amended Agreement, I concur and approve Plaintiff's counsel's request for no fee and cost award.

12. <u>Proposed Notice of Settlement of Collective Action Lawsuit</u>. The proposed Notice of Settlement of Collective Action Lawsuit, attached to the Amended Agreement as Exhibit A, is confusing because it states "Because you consented to join this lawsuit, your rights will be affected by this Settlement." Class members will not have consented to join the lawsuit at the time they receive Notice of it. I raised this issue during a telephone conference with the parties on July 11, 2018. At that conference, the parties agreed to revise the proposed notice to strike the language stating, "Because you consented to join this lawsuit[.]" A revised proposed Notice of Settlement of Collective Action Lawsuit was submitted to this Court by the parties and is attached as Exhibit A to

this Order. With that revision, I approve the Notice of Settlement of Collective Action Lawsuit and its submission to the potential class members.

**Conclusion**

13. The Parties' Joint and Amended Motion for Preliminary Approval of Amended Collective Action Settlement is hereby granted.

14. The parties should submit a motion for final settlement approval as contemplated by the Amended Agreement.

**IT IS SO ORDERED.**

Dated on this 19th day of July, 2018.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge

SUBMITTED JOINTLY BY:

**/s/ Michael A. Williams (w/consent)**
Michael A. Williams, MO #47538
Williams Dirks Dameron LLC
1100 Main Street, Suite 2600
Kansas City, MO  64105
Telephone: (816) 945-7175
Facsimile:  (816) 945-7118
mwilliams@williamsdirks.com
*Attorney for Plaintiff*

**/s/ Alan L. Rupe**
Alan L. Rupe, #08914
Jessica L. Skladzien, #24178
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
jessica.skladzien@lewisbrisbois.com
*Attorneys for Defendant*